USCA1 Opinion

 

 December 12, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1256  UNITED STATES OF AMERICA, Plaintiff, Appellee, v. JOHN J. ZULETA-ALVAREZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ John J. Zuleta-Alvarez on brief pro se. ______________________ Jay P. McCloskey, United States Attorney, and F. Mark Terison, ________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Petitioner-appellant John J. Zuleta- __________ Alvarez appeals pro se from the district court's dismissal of ___ __ his second petition pursuant to 28 U.S.C. 2255 as an abuse of the writ. Nothing in our November 3, 1992 opinion affirming the denial of petitioner's first 2255 petition was intended to indicate that an "abuse of the writ" defense would be unavailable if petitioner filed a second petition. We merely intended to alert the pro se petitioner that ___ __ although the issue he raised for the first time on appeal did not merit relief under our narrowly circumscribed scope of review, it could be raised in a new 2255 petition, subject to any available defenses (including abuse of the writ). Petitioner's reliance upon Sanders v. United _______ ______ States, 373 U.S. 1 (1963), is misplaced. McCleskey v. Zant, ______ _________ ____ 499 U.S. 467 (1991), established the cause and prejudice standard that now governs in abuse of the writ cases. Petitioner has failed to demonstrate "cause" for his failure to raise the two issues presently before us in his first  2255 petition. We disagree that this court's decision in United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992), ______________ _______ constituted new law such that the legal basis for petitioner's present claims was not reasonably available at the time that his first petition was filed. The O'Campo ________ holding relied upon a straightforward interpretation of the language of the then-current United States Sentencing -2- Guidelines and the commentary thereto. The same relevant language was contained in the Guidelines in effect in December 1991, when petitioner filed his first petition. Therefore, the language of the Guidelines themselves provided a legal basis for petitioner's present claims. Petitioner has failed to satisfy his burden of showing cause for failing to raise earlier the claims contained in his second 2255 petition. Nor has he shown that a "fundamental miscarriage of justice would result from a failure to entertain the claim[s]." McCleskey v. Zant, 499 _________ ____ U.S. at 495. Therefore, we affirm the district court's order ______ dismissing petitioner's second petition under 28 U.S.C.  2255 as an abuse of the writ. -3-